# EXHIBIT "1"

Filing # 74493542 E-Filed 07/05/2018 10:51:09 AM

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT IN AND FOR ST.
LUCIE COUNTY, FLORIDA

Case No.  562018CA001224AXXXHC                    Judge Robert Belanger

WEST COAST INVESTORS, LLC,
a Florida Limited Liability Company,

       Plaintiff,

vs.

ROBERT V. MATTHEWS,
  and
MARIA S. MATTHEWS,
a/k/a MIA S. MATTHEWS,

       Defendants.

_____/

## **COMPLAINT**

---

The Plaintiff, West Coast Investors, LLC sues Defendants, Robert V.

Matthews ("Robert V. Matthews"); and, Maria S. Matthews a/k/a Mia S.

Matthews ("Maria S. Matthews"), and alleges as follows:

### **Parties, Jurisdiction and Venue**

1.    West Coast Investors, LLC ("WCI") is a Florida Limited

Liability Company that transacts business in St. Lucie County, Florida and

throughout the State of Florida and is the Assignee of certain Loans, made

by Palm Beach Polo, Inc. ("Polo") to Robert V. Matthews and/or Maria S.

Matthews and is the claimant for unauthorized use of credit card and monies lent. The Assignment Agreement is attached hereto as Exhibit 1.

2.     On information and belief, Defendants Robert V. Matthews and Maria S. Matthews are residents of the State of Florida. On information and belief, both Robert V. Matthews and Maria S. Matthews have a pattern and practice of falsely and fraudulently making false and misleading statements for their own personal financial benefit, such as alleged in a certain case in the USDC SD Fla. 16-CV-81871, that Maria S. Matthews stole several million dollars of EB-5 foreign investors' money to purchase, for her personal use and benefit, a 151-foot yacht, which they named the vessel, "Alibi." In addition, it is alleged in case 16-CV-81871 that Robert V. Matthews misappropriated and stole EB-5 investors' funds, which ultimately led to his indictment in USDC Connecticut, Case No.18-CR-48. On information and belief, based upon other litigation, Robert V. Matthews' July 13, 2017 deposition testimony in 15th Judicial Circuit, Case No. 2014 CA 014846, it has been alleged that additional EB-5 investors' money was taken by Robert V. Matthews in the amount of approximately Six Million Dollars ($6,000,000.00) to pay to Deutche Bank to avoid imminent foreclosure on the multi-million dollar oceanfront residence in which Robert V. Matthews and Maria S. Matthews reside, in the State of Florida. None of

these alleged facts were specifically known to Polo before making Loan One, Loan Two and and monies lent thereafter.

3.      The dollar amount in controversy exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

4.      The Loan documents that Defendant Maria S. Matthews executed with an intent to primarily and directly personally benefit Robert V. Matthews, which are attached hereto, specifically provide at paragraph 5 of the Security Agreement, that Lender shall be entitled to enforce this Agreement in accordance with all applicable laws in any jurisdiction Lender deems appropriate.   Accordingly, Defendants have waived any right to challenge venue in this matter.

## Factual Background

5.      In approximately early May, 2018, Maria S. Matthews approached a representative of WCI's Assignor, Polo, about Polo making a loan to Maria S. Matthews for the benefit of Robert V. Matthews in the sum of One Hundred Fifty Thousand Dollars ($150,000.00).

6.      On May 28, 2018, Polo did loan to Maria S. Matthews the sum of One Hundred Fifty Thousand Dollars ($150,000.00) ("Loan One"), the proceeds of which were for the direct and personal benefit of Robert V. Matthews, which loan is evidenced by a Promissory Note, Security

Agreement, Loan Agreement and Bill of Sale, which documents are collectively referred to as the "Loan Documents" for Loan One and are attached hereto as Exhibit 2.

7.    Pursuant to the Loan Documents, on information and belief, Robert V. Matthews and Maria S. Matthews did, with an intent to cause financial harm to Polo, falsely and fraudulently represent, to Polo, that they were the lawful owners of certain unencumbered assets and did covenant and agree that Polo was to be granted first lien security interest on personal property assets ("Collateral") owned by Robert V. Matthews and Maria S. Matthews.

8.    Robert V. Matthews and Maria S. Matthews have failed to provide WCI's Assignor, Polo, with a first lien security interest on the Collateral.  Additionally, all of the Loan Documents, which were executed by Maria Matthews, required that Maria Matthews provide an attachment to the Loan Documents to be described as Exhibit "A" to those Loan Documents. Maria Matthews was required to describe in the required attachment a detailed list of all of the personal property which was to be used as collateral for the loans given by the Plaintiff to the Defendants. Maria Matthews failed to provide that detailed list as required by the Loan Documents, despite repeated requests of the Plaintiff to produce the list.

9.     Pursuant to the Promissory Note, Paragraph 3, <u>Events of Default</u> – the entire unpaid principal balance is immediately due and payable upon the failure of the Borrower to observe and perform any covenant or agreement in the Loan Documents.

10.     The Promissory Note provides, at Paragraph 8, that time shall be of the essence with regard to the terms of this Note.

11.     Pursuant to the Promissory Note, Paragraph 5, WCI as Assignee of Polo, is entitled to recover all of its' costs, expenses and attorneys' fees, upon Robert V. Matthews and Maria S. Matthews' default on the Loan Documents.

12.     Subsequent to Maria S. Matthews executing the Loan Documents for Loan One, Maria Matthews did approach a representative of Polo for a second loan in the amount of One Hundred Twenty-Five Thousand Dollars ($125,000.00) ("Loan Two"). In addition, Maria S. Matthews did without authorization from Polo, use a Polo credit card. Defendant, Maria S. Matthews also fraudulently induced the Plaintiff to make numerous, miscellaneous loans. The amounts of the unauthorized credit card charges on Polo's card and the monies lent for numerous, miscellaneous loans total approximately Twenty-Two Thousand Dollars ($22,000.00) from Polo ("Credit Card Claims and Monies Lent Claims").

The credit card charges and numerous, miscellaneous loans were also for the personal and direct benefit of Robert V. Matthews. Polo was subsequently told theses funds were used to pay the Matthews family expenses.

13.   Polo agreed to loan to Maria S. Matthews the $125,000.00 for Loan Two, provided Maria S. Matthews execute a Loan Agreement with the same terms as Loan One.

14.   After May 28, 2018, Maria S. Matthews falsely and fraudulently and with an intent to cause financial harm to Polo, represented to Polo, that Maria S. Matthews would sign loan documents for Loan Two, which provided Polo with a first lien on Collateral, which Maria S. Matthews represented, to Polo, as her personal property.

15.   In reliance on Maria Matthews' representations to Polo regarding Loan Two, which representations were falsely and fraudulently made with an intent to cause financial harm to Polo, were material and induced Polo to loan the $125,000.00 sum for Loan Two, Polo did on June 1, 2018 pay the sum of $125,000.00 to Maria S. Matthews

16.   Maria S. Matthews has failed and refused to execute the Loan Document for Loan Two and is, therefore, in default on Loan Two.

17.   As a result of Robert V. Matthews and Maria S. Matthews'

breach of Loan One; and, Maria S. Matthews' breach of Loan Two, WCI has demanded the immediate repayment of the balance owing of Loan One, Loan Two, for the Credit Card Claims and Monies Lent Claim; and Robert V. Matthews and Maria S. Matthews have refused to pay, to WCI, the balance owed on Loan One; and Maria S. Matthews the balance owed on Loan Two, and the monies owed, on the Credit Card Claims and Monies Lent Claim, for the unauthorized use of Polo's credit card.

18.    WCI has retained Albert B. Moore, Esq. to file this lawsuit and has agreed to pay Attorney Albert B. Moore for his reasonable attorney's fees and costs, and Polo seeks recovery from Robert V. Matthews and Maria S. Matthews of WCI's attorney's fees and costs for this lawsuit.

## Count I
## Fraudulent Inducement

19.    WCI incorporates by reference all the allegations in paragraphs 1 – 18 above.

20.    Consistent with their extensive history, pattern and practice of making false and misleading statements for their own personal financial benefit as described above, Maria S. Matthews and Robert V. Matthews, as third party beneficiary of  Loan One, falsely and fraudulently and with an intent to cause financial harm to WCI, misrepresented, to WCI as Assignee

of Polo, material facts that they were the lawful owners of the collateral and had the right to and would immediately grant to Polo, a first and best lien on the Collateral on the express understanding Polo would be filing a UCC lien on all the Collateral. More Specifically, the Defendants also falsely and fraudulently with intent to cause financial harm to WCI, misrepresented to WCI as Assignee of Polo, material facts that Defendant, Maria Matthews would immediately provide a detailed list of the personal property that would be used as Collateral.

21. Maria S. Matthews, and Robert V. Matthews as third-party beneficiary of Loan One, knew or should have known that her misrepresentations, to Polo, regarding the Collateral were false.

22. Maria S. Matthews, and Robert V. Matthews as third-party beneficiary, intended that their representations regarding the Collateral would induce Polo to make Loan One; and subsequently, for Loan Two to Maria S. Matthews.

23. WCI as Polo's Assignee, has suffered damages because Maria S. Matthews, and Robert V. Matthews as third-party beneficiary, breached their promise to Polo and are in default of the Loan One; and Maria S. Matthews on Loan Two and have failed and refused to immediately pay Polo the balance owed on Loan One and Loan Two.

WHEREFORE, WCI requests judgment against Robert V. Matthews and Maria S. Matthews for the balance owed on Loan One; and against Maria S. Matthews for Loan Two and for interest, attorney's fees, costs and such other relief as the Court deems just and appropriate.

## Count II
## Breach of Loan Agreement (Loan One)

24.     WCI incorporates by reference all the allegations in paragraphs 1 – 18 above.

25.     Maria S. Matthews and Robert V. Matthews, as third party beneficiary, have breached the Loan Documents for Loan One by failing and refusing to timely provide Polo with the Collateral and by failing to, document the assets as owned by Maria S. Matthews, free and clear of liens and claims.

26.     Maria S. Matthews, and Robert V. Matthews as third party beneficiary, are in default of the Loan Documents for Loan One.

27.     Robert V. Matthews and Maria S. Matthews, being in default of the Loan Documents, immediately owe WCI the principal sum of Loan One.

WHEREFORE, WCI requests damages in the amount owing on Loan One plus interest, attorney's fees and costs. The Promissory Note for Loan 1. provides that the Plaintiff is entitled to attorney's fees and costs for

collection efforts required by the holder of the Note.

## Count III
## Promissory Estoppel (Loan Two)

28.     WCI incorporates by reference all the allegations in paragraphs 1 – 18 above.

29.     Subsequent to Loan One, Maria S. Matthews did agree that if Polo loaned Maria S. Matthews $125,000.00 that Maria S. Matthews would execute loan documents, like Loan One and that Maria S. Matthews was the lawful owner of the Collateral and had the right to grant, to Polo, a first and best lien of Collateral to secure Loan Two.

30.     Based upon and in reliance upon Maria S. Matthews' promise to Polo with regard to Loan Two, Polo did confer a benefit on Defendants by loaning the sum of One Hundred Twenty Five Thousand Dollars ($125,000.00) for Loan Two to Maria S. Matthews.

31.     Maria S. Matthews failed and refused to immediately execute the Loan Documents for Loan Two.  Defendants both knew of the benefits conferred by Loan Two made by the Plaintiff and Defendants accepted and retained the benefits by accepting the proceeds of Loan 2.

32.     Injustice will result, to WCI, if Maria S. Matthews does not

repay, to WCI, Loan Two for $125,000.00, and based upon her extensive history, pattern and practice of making false and misleading statements for her own personal financial benefit, Maria S. Matthews will reap substantial financial benefits. Fairness requires that the Defendants be forced to repay the Plaintiff for Loan 2.

WHEREFORE, WCI requests judgment against Maria S. Matthews for the balance owed on Loan Two of $125,000.00 and interest, attorney's fees, costs, and such other relief as the Court deems just and appropriate.

## Count IV
### Unauthorized use of credit card – Monies Lent to WCI-Credit Card Claim

33.    WCI incorporates by reference all the allegations in paragraphs 1 – 18 above.

34.    Without authorization from Polo, Maria S. Matthews did for her benefit and the personal and direct benefit of Robert V. Matthews, fraudulently charge and incur personal expenses for her family.   The expenses were incurred by Maria S. Matthews' unauthorized use of Polo's credit card and via numerous, miscellaneous loans made by Plaintiff to Maria S. Matthews.  These credit card charges made by Maria S. Matthews and the Monies Lent by Plaintiff of numerous, miscellaneous loans to Maria S. Matthews were made subsequent to Loan 1. referenced in this Complaint.

35.    Defendant, Maria S. Matthews, induced Plaintiff to provide Maria S. Matthews with numerous miscellaneous loans with promises to repay Plaintiff. The monies for these miscellaneous loans were not gifts from the Plaintiff to Maria S. Matthews and Maria S. Matthews agreed to pay these loans back to Plaintiff.

36.    The unauthorized expenses charged by Maria S. Matthews on Polo's credit card and the amounts given via numerous, miscellaneous loans by Plaintiff to Maria S. Matthews total approximately Twenty-Two Thousand Dollars ($22,000.00).

37.    Despite demands made by the Plaintiff to Maria S. Matthews to repay the unauthorized charges on Polo's credit card and demands to repay the monies lent by Plaintiff to Defendant for miscellaneous loans, Maria S. Matthews has refused to remit repayment to Plaintiff.

38.    Maria S. Matthews and Robert V. Matthews, who received the direct and personal benefit of their fraudulently unauthorized credit card charges, and numerous, miscellaneous loans made by Plaintiff, are indebted to WCI in the amount of $22,000.00.

WHEREFORE, WCI requests damages, from Robert V. Matthews and Maria A. Matthews, in the dollar amount of the unauthorized credit card charges, by Maria S. Matthews, incurred for the benefit of Robert V.

Matthews, plus interest, attorney's fees, costs, and such other relief as the Court deems just and appropriate.

Respectfully submitted,

Albert B. Moore, Esq.
Florida Bar No. 855741
The Renaissance Financial Center
130 S. Indian River Drive – Suite 202
Fort Pierce, FL 34950
Telephone:  (772) 418-2676
Email:almoore64@aol.com
(designated e-mail address)

# EXHIBIT 1
# TO COMPLAINT

## ASSIGNMENT AGREEMENT

Palm Beach Polo, Inc., a Florida corporation ("Assignor"); and, West Coast Investors, LLC ("Assignee"), do on this ___3___ day of July, 2018 hereby enter into this Assignment Agreement ("Agreement").

FOR VALUABLE CONSIDERATION, Assignor does hereby assign to Assignee, all of Assignor's rights and interest in certain loans made by Assignor to Maria S. Matthews and Robert V. Matthews as set forth hereafter:

a)     May 28, 2018, Loan to Maria S. Matthews and Robert V. Matthews - $150,000.00 ("Loan Document") (attached);

b)     June 1, 2018, Loan to Maria S. Matthews - $125,000.00; and,

c)     May, 2018, unauthorized use of credit card claim - $50,000.00.

Assignor does state that the three (3) Loans, described above, are in default. Assignee does hereby accept the above Assignment with all rights to pursue collection on the Loans described and assigned above.

Assignor:
**Palm Beach Polo, Inc.**

By: _____

Print: _____

Its': _____

Assignee:
**West Coast Properties, LLC**

By: _____

Print: _____

Its': _____

EXHIBIT
1
ALL-STATE LEGAL®

# EXHIBIT 2
# TO COMPLAINT

## PROMISSORY NOTE

Dated: May 28, 2018

Date of Maturity: May 28, 2019
Loan Amount: $150,000.00

FOR VALUE RECEIVED, **MARIA MATTHEWS**, with an address of 101 Casa Bendita, Palm Beach, Florida 33480 ("Borrower"), promises to pay to the order of **PALM BEACH POLO, LLC**, a Florida corporation, with an address of 11199 Polo Club Road, Wellington, Florida 33414, and/or its assigns ("Lender"), the principal sum of **ONE HUNDRED FIFTY THOUSAND AND 00/100 ($150,000.00) U.S. Dollars** (the "Loan"), in lawful money from the date funds are advanced under this Note until maturity.

1. **PAYMENTS.** Borrower shall repay to Lender the principal and interest on the Loan as follows:

a. <u>Payment</u>. Principal and interest on the Loan shall be paid by Borrower to Lender in full on May 28, 2019. Interest on the Loan shall accrue at the per annum rate of three percent (3%). All sums due on Note shall be immediately due upon Borrower's sale of the personal property described in Paragraph 2 below. There shall be no prepayment penalty if prepaid.

2. **SECURITY INTEREST.** As security for the payment of this Promissory Note, and any renewals, extensions or modifications hereof, Borrower hereby grants to Lender a security interest in the collateral pledged to the Lender as set forth below pursuant to security agreement which provides for such security interest:

a. Art, Furniture and Antiques. Security Agreement of even date herewith executed by Borrower, in favor of Lender encumbering the personal property described on Exhibit "A":

(the "Collateral").

3. **EVENTS OF DEFAULT.** The entire unpaid principal balance of the Loan, together with any and all other sums that may be owing under this Note or any other instrument or document executed by Borrower in connection with the Loan (this Note and Security Agreement being referred to in this Note as the "Loan Documents"), shall at the option of Lender become immediately due and payable upon the occurrence of any one or more of the following events ("Events of Default"): (a) the failure of Borrower to pay any sum due under this Note, or the failure of Borrower to pay any other sum when due under any other Loan Document; or (b) the failure of Borrower to observe or perform any covenant or agreement in any Loan Documents, or the occurrence of any other default (whether concerned with the payment of money or otherwise) under any Loan Document.

4. **RIGHTS AND REMEDIES OF LENDER.** Lender shall be entitled to pursue any and all rights and remedies provided by applicable law and/or under the terms of this Note or any other Loan Document, all of which shall be cumulative and may be exercised successively or concurrently. No waiver of any right or remedy by Lender shall be effective unless made in writing and signed by Lender nor shall any waiver on one occasion apply to any future occasion, but shall be effective only with respect to the specific occasion addressed in that signed writing.



5. **COSTS, INDEMNITIES AND EXPENSES.**   Borrower agrees to pay all filing fees and similar charges and all costs incurred by Lender in collecting or securing or attempting to collect or secure the Loan.  Borrower agrees to pay any documentary stamp taxes, intangible taxes or other taxes which may now or hereafter apply to this Note or the Loan.  Lender shall be entitled to recover its attorney's fees and costs in the event that litigation is necessary to enforce the terms of this Note or the Loan Documents.

6. **GOVERNING LAW.**  This Note shall be governed by, and construed and enforced in accordance with the laws of the State of Florida.

7. **INVALIDITY.**  Any provision of this Note which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction only, be ineffective only to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof or affecting the validity or enforceability of such provision in any other jurisdiction.

8. **MISCELLANEOUS.**  Time shall be of the essence with respect to the terms of this Note.  This Note cannot be changed or modified orally.  Except as otherwise required by law or by the provisions of this Note or any other Loan Document, payments received by Lender hereunder shall be applied first against expenses and indemnities, next against interest accrued on the Loan (if any), and next in reduction of the outstanding principal balance of the Loan.  Borrower shall receive immediate credit on payments only if made in the form of either a federal wire transfer of cleared funds or a check drawn on an account maintained with Lender containing sufficient available funds.  Otherwise, Borrower shall receive credit on payments after clearance, which shall be no sooner than the first Business Day after receipt of payment by Lender.  Except as otherwise required by the provisions of this Promissory Note or any other Loan Document, any notice required to be given to Borrower shall be deemed sufficient if made personally or if certified mailed, postage prepaid, to Borrower's address as it appears in this Note.  Lender may grant participations in all or any portion of, and may assign all or any part of Lender's rights under this Note.  Lender may disclose to any such participant or assignee any and all information held by or known to Lender at any time with respect to Borrower.  All of the terms of this Note shall inure to the benefit of Lender and its successors and assigns and shall be binding upon Borrower.

DOCUMENTARY STAMP TAX IN THE AMOUNT OF $ _____ HAS BEEN PAID AND AFFIXED TO THE MORTGAGE SECURING THIS PROMISSORY NOTE.

BORROWER:

By: _____
        MARIA "MIA" MATTHEWS

2

STATE OF FLORIDA

COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 28h day of May, 2018, by Maria Matthews, who is personally known to me or produced _____ as identification.

_____
Notary Public

*Jennifer Hargain*
_____
Printed Notary Name

My Commission Expires:

```
JENNIFER HARGAIN RAMIREZ
Notary Public – State of Florida
Commission # GG 161839
My Comm. Expires Nov 30, 2021
Bonded through National Notary Assn.
```

3

## SECURITY AGREEMENT

THIS SECURITY AGREEMENT (the "Agreement") is entered into by and between MARIA MATTHEWS ("Matthews") and PALM BEACH POLO, INC. ("Lender") on this 28th day of May, 2018.

### Witnesseth:

WHEREAS, Matthews owns the art, furniture and antiques listed on Exhibit "A" (the "Personal Property");

WHEREAS, Matthews has sought a $150,000.00 USD loan (the "Loan") from Lender and simultaneously with the execution of this Agreement, Matthews and Lender have executed a Promissory Note and Bill of Sale (the "Loan Documents");

WHEREAS, to induce Lender to enter into the Loan Documents and to fund the Loan, Lender seeks security for the repayment of the Loan.

NOW, THEREFORE, for Ten Dollars ($10.00) and other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, it is agreed as follow:

1.     The above referenced Recitals are incorporated herein and made an integral part of this Agreement.

2.     Lender is hereby granted a security interest (lien) in and on the Personal Property.  The security interest (lien) shall exist for so long as the Loan given by Lender to Matthews on May 28, 2018 is outstanding and unpaid in full.  Upon payment in full of the Loan by Matthews to Lender, the security interest (lien) in the Personal Property shall terminate and be of no further force and effect.

3.     Lender may record in the Public Records of Palm Beach County, Florida and the UCC Registry with the State of Florida a UCC-1 reflecting its security interest in the Personal Property.

4.     Matthews may, with Lender's prior written approval, obtain a release of some or all of the Personal Property from the security interest (lien) for the purpose of selling for fair market value some or all of the Personal Property and Lender shall promptly execute and necessary releases in exchange for Matthew paying for Lender a sum that is equal to at least fifty percent (50%) of the fair market value of any give item of the Personal Property.  In no event may Matthews sell all of the Personal Property without the Loan having been paid in full.

5.     This Agreement shall be governed by the laws of the State of Florida. Lender shall be entitled to enforce this Agreement in accordance with all applicable laws in any jurisdiction that Lender deems appropriate.

Entered into on the date first set forth above.

PALM BEACH POLO, INC.

_____
MARIA MATTHEWS

_____
Glenn F. Straub, President

**STATE OF FLORIDA**

**COUNTY OF PALM BEACH**

The foregoing instrument was acknowledged before me this 28h day of May, 2018, by Maria Matthews, who is <u>personally known to me</u> or produced _____ as identification.

_____
Notary Public

_Jennifa Hargain_
Printed Notary Name

My Commission Expires:

JENNIFER HARGAIN RAMIREZ
Notary Public – State of Florida
Commission # GG 161839
My Comm. Expires Nov 30, 2021
Bonded through National Notary Assn.

2

## LOAN AGREEMENT

**WHEREAS,** PALM BEACH POLO, INC. (the "Holder") made a loan to MARIA MATTHEWS (the "Maker") as evidenced by and more particularly set forth in that certain Promissory Note dated May 28, 2018 in the original principal amount of ONE HUNDRED FIFTY THOUSAND and 00/100 U.S. DOLLARS ($150,000.00) (the "Note");

**WHEREAS,** the Note matures on May 28, 2019 ("Maturity Date"); and

**WHEREAS,** part of the consideration for Holder extending the Loan are the terms and conditions set forth herein; and

**NOW, THEREFORE,** in consideration of TEN DOLLARS ($10.00) in hand paid by Maker to Holder, and in further consideration of the mutual obligations of the parties hereto, it is agreed:

1.      Maker shall execute and deliver to Holder the original of the Bill of Sale attached hereto as Exhibit "A" (the "Bill of Sale"), which escrow agent Alec Domb, P.A. ("Escrow Agent") shall hold in escrow until such time as the Note matures on the Maturity Date.  In the event that on the Maturity Date, Maker does not pay Holder the face value of the Note, plus all accrued interest, Holder may, in its sole discretion, either (i) further extend the Maturity Date or (ii) obtain the release of the Bill of Sale from Escrow Agent, without consent or approval from Maker, and take immediate possession of the personal property identified in the Bill of Sale with full rights of ownership in the personal property.

HOLDER:

EXECUTED as of May 28, 2018.

PALM BEACH POLO, INC.

_____
Maria Matthews

_____
Glenn F. Straub, President

**STATE OF FLORIDA**
**COUNTY OF PALM BEACH**

The foregoing instrument was acknowledged before me this 28h day of May, 2018, by Maria Matthews and Glenn F. Straub, who are personally known to me or produced _____ as identification.

My Commission Expires:

_____
Notary Public

## BILL OF SALE

This Bill of Sale is made as of this 28th day of May, 2018, between MARIA MATTHEWS ("Seller") and PALM BEACH POLO, INC. ("Buyer").

### Witnesseth:

NOW, THEREFORE for good and valuable consideration, receipt of which is herby acknowledged:

1. Seller does herby sell, transfer, convey, assign, deliver and vest in Buyer, its successors and assigns forever, all of their right, title and interest in and to the personal property described on Exhibit "A" hereto (collectively, the "Property").

2. Seller represents and warrants to Buyer that Seller owns the Property free and clear of all liens, security interests, claims and encumbrances, unless otherwise indicated in the attached Exhibit. Seller shall defend Buyer's title to the Property against the claims and demands of all persons.

3. Buyer has examined the Property listed on Exhibit "A" and acknowledges that such Property is being sold **"AS IS, WHERE IS" and "WITH ALL FAULTS"**.

4. This instrument shall be binding upon, inure to the benefit of and be enforceable by Seller and Buyer and their respective successors and assigns.

IN WITNESS WHEREOF, this Bill of Sale has been executed as of the day and year first written above.

SELLER:                                           BUYER:

                                                  PALM BEACH POLO, INC.

By: _____          By: _____
        Maria Matthews                              Glenn F. Straub, President

**STATE OF FLORIDA**
**COUNTY OF PALM BEACH**

The foregoing instrument was acknowledged before me this 28h day of May, 2018, by Maria Matthews, who is personally known to me or produced _____ as identification.

My Commission Expires: _____          _____
                                                  Notary Public